IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STUART LEE ENOCHS and ) | |
| JONATHAN MICHAEL SMITH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACT. NO. 3:11-cv-782-CSC |
| ) | (WO) |
| LESSORS, INC., and ) | |
| TOMMIE LEE CHAMBERS, JR., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

This case arises from a collision between a tractor trailer driven by defendant Tommie Lee Chambers, Jr. ("Chambers") and a vehicle driven by plaintiff Stuart Lee Enochs ("Enochs") in which plaintiff Michael Jonathan Smith ("Smith") was a passenger. Defendant Lessors, Inc. owned the trailer that was attached to Chambers' tractor. The plaintiffs allege that Chambers negligently and wantonly failed to yield the right of way on Alabama Highway 229 causing Enochs' vehicle to collide with Chambers' tractor trailer. The plaintiffs seek compensatory and punitive damages from the defendants. The court has jurisdiction of this case pursuant to its diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). Pursuant to 28 U.S.C. § 636(c)(1) and M.D. ALA. LR 73.1, the parties have consented to a United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.

On August 2, 2012, the defendants filed a motion for partial summary judgment on the plaintiffs' wantonness claims. (Doc. # 22). The defendants also seek summary judgment on all of plaintiff Jonathan Michael Smith's claims pursuant to FED.R.CIV.P. 41(b) because Smith has failed to prosecute his claims by failing to submit to a deposition and failing to respond to discovery. *Id*. The plaintiffs have responded to the motion for summary judgment.[1] After carefully considering the motion, the plaintiffs' responses to the motion and the supporting and opposing evidentiary materials, the court concludes that the motion for summary judgment is due to be granted in part and denied in part.

## II. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute][2] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation omitted) (footnote added); FED.R.CIV.P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The party moving for summary judgment "always bears the initial responsibility of informing the district court

---

[1] On August 23, 2012, the plaintiffs filed a motion for leave to supplement their response to the defendants' motion for summary judgment. *See* Doc. # 31. The court permitted the plaintiffs to supplement their response and has fully considered the material.

[2] Effective December 1, 2010, the language of Rule 56(a) was amended. The word "dispute" replaced the word "issue" to "better reflect[] the focus of a summary-judgment determination." FED.R.CIV.P. 56(a), Advisory Committee Notes, 2010 Amendments.

of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Once the movant meets his evidentiary burden and demonstrates the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; FED.R.CIV.P. 56(c) ("A party asserting that a fact cannot be or is genuinely disputed must be support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

To survive the movant's properly supported motion for summary judgment, a party is required to produce "sufficient [favorable] evidence" "that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).  "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id*. at 249-250.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990) *quoting Anderson*, *supra*.  Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001).  Hence, when a nonmoving party fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to its case and on which the nonmovant will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party.  *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004).  What is material is determined by the substantive law

applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co, Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor). However, if there is a conflict in the evidence, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255; *Ruiz de*

*Molina v. Merritt & Furman Ins. Agency*, 207 F.3d 1351, 1356 (11th Cir. 2000).

### III.  FACTS

Construed in the light most favorable to the non-moving plaintiffs, the following facts are undisputed.[3]  At approximately 9:55 p.m. on August 30, 2010, plaintiff Enochs was driving his Honda Passport northbound on Alabama Highway 229 in Macon County, Alabama.  Smith was a passenger in Enochs' vehicle.

Defendant Chambers was driving a tractor trailer southbound on Interstate 85 when the temperature control warning light in his cab came on.  Chambers owns the trailer and Lessors, Inc. owns the trailer.  Chambers was working pursuant to a contractor lease agreement with Lessors.  Chambers exited Interstate 85 at the Tallassee exit to check on the temperature warning light.

At the top of the exit ramp, Chambers recognized that he could turn right or left. Although there was a Shell station located to the left of the exit ramp, Chambers was unfamiliar with the area and did not know if the station could accommodate his tractor trailer. Because it was dark and he did not want to get stuck on the road, Chambers made the decision to cross Alabama Highway 229 to pull over on the downward entrance ramp to check his engine.  Chambers estimated that it would take him 10 seconds to turn left to go

---

[3] At this stage of the proceedings, this court takes the facts alleged by Stuart and Smith as true and construes them in the light most favorable to them. *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000) (citations omitted) ("In assessing whether there is any 'genuine issue' for trial, the court 'must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," ... and 'resolve all reasonable doubts about the facts in favor of the non-movant.' ...  Moreover, the court must avoid weighing conflicting evidence or making credibility determinations....").

to the Shell station or 15 seconds to get his 70-foot tractor trailer across the road to the downward entrance ramp.  According to Chambers, he looked both ways and saw no other vehicles on the road.  When he pulled across Alabama Highway 229, he blocked the northbound lane and part of the southbound lane.

Enochs was traveling approximately 45 miles per hour northbound on Alabama Highway 229 when he crested a hill and saw Chambers' truck across the road.  According to Enochs, Chambers "shot straight across" the road.  Although Enochs attempted to steer his vehicle to avoid a collision, he collided with the tractor driven by Chambers.  In the collision, Enochs suffered neck, shoulder and elbow injuries requiring several surgeries.

### III.  DISCUSSION

*A. Wantonness Claims*.  The defendants have moved for summary judgment on the plaintiffs' wantonness claims contending that the plaintiffs cannot demonstrate that Chambers operated his tractor trailer "in a wanton manner or that he deliberately drove his tractor-trailer with reckless disregard for Plaintiffs' safety." (Doc. # 23 at 18).

> "Wantonness" is statutorily defined as "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others." Ala. Code 1975, § 6–11–20(b)(3). 'Wantonness" has been defined by this Court as the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result. *Bozeman v. Central Bank of the South*, 646 So.2d 601 (Ala.1994).

*Hornady Truck Line, Inc. v. Meadows*, 847 So. 2d 908, 916 (Ala. 2002). The Alabama Supreme Court has explained that, "[w]antonness is not merely a higher degree of culpability

than negligence. Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of actionable culpability." *Ex parte Essary*, 992 So. 2d 5, 9 (Ala. 2007) quoting *Tolbert v. Tolbert*, 903 So. 2d 103, 114 (Ala. 2004). *See also Cheshire v. Putman*, 54 So. 3d 336, 342 (Ala. 2010).

> Negligence is usually characterized as an inattention, thoughtlessness, or heedlessness, a lack of due care; whereas wantonness is characterized as . . . a conscious . . . act. Simple negligence is the inadvertent omission of duty; and wanton or willful misconduct is characterized as such by the state of mind with which the act or omission is done or omitted. . . .

*Ex parte Essary*, 992 So. 2d at 9 quoting *Tolbert v. Tolbert*, 903 So. 2d 103, 114-115 (Ala. 2004) (citations and quotation marks omitted).

In this case, the evidence viewed in a light most favorable to the non-movants is that at approximately 10:00 p.m., Chambers exited the interstate in an unfamiliar area, and instead of pulling into a service stations, made the decision to pull across Alabama Highway 229 in an attempt to get to the downward entrance ramp. Relying on *Monroe v. Brown*, 307 F. Supp. 2d 1268 (M.D. Ala. 2003), the plaintiffs argue that Chambers' decision to cross Alabama Highway 229 constitutes wantonness because he knew it would take him at least 15 seconds to cross the road while he could have turned left in 10 seconds and stopped at the Shell station. The plaintiffs' reliance on *Monroe* is misplaced because in *Monroe*, the defendant truck driver made a conscious decision to *accelerate* through a yellow traffic light, and it was the acceleration through the light that caused the defendant to rear end the plaintiffs who had stopped at the traffic light. 307 F. Supp. 2d at 1272. This case is more

analogous to those cases in which a defendant has attempted to "beat the traffic" or "shoot the gap" in traffic. For example, in *Ex parte Essary*, the defendant slowed to a "rolling stop" at a stop sign, and then struck the plaintiffs' vehicle when he attempted to cross the intersection between vehicles. The Alabama Supreme Court held that the defendant "made an error in judgment when he attempted to "beat the traffic" or "shoot the gap" by passing between" the moving vehicles. 992 So. 2d at 12. The Court held that the defendant's conduct was not wanton. *See also Cheshire v. Putman*, 54 So. 3d 336 (Ala. 2010) (defendant made an error in judgment when he misjudged the amount of time he would need to stop when he saw the plaintiff's vehicle stopped in the road to turn left; conduct did not rise to the level of wantonness); *Mandella v. Pennington*, 73 So. 3d 1257 (Ala. Civ. App. 2011) (driver's failure to stop at a median in a divided highway because he was "attempting to beat oncoming traffic" did not constitute wantonness).

It is not enough for the plaintiffs to simply demonstrate that Chambers made a conscious decision to cross the road. To survive summary judgment on this issue, they must also demonstrate that Chambers was "conscious that injury would likely or probably result from his actions." *Ex parte Essary*, 992 So. 2d at 12. *See also Mandella*, 73 So. 3d at 1266; *Miller v. Cleckler*, 51 So. 3d 379, 386 (Ala. Civ. App. 2010) Chambers testified in deposition that he looked both ways to ensure that the road was clear before he crossed Alabama Highway 229. He did not see Enochs' headlights and he did not see Enochs' vehicle before impact. (Pl's Submission in Opp. to Defs' Mot. for Summ. J., Doc. # 27, Ex.

4 at 80-81). There is no evidence that Chambers was speeding or that he failed to stop at the top of the exit ramp before crossing Alabama Highway 229. The plaintiffs have failed to demonstrate that there exists a genuine dispute regarding Chambers' knowledge about whether an injury would likely or probably result from his decision to cross Alabama Highway 229.

> In the final analysis, it cannot be said that this evidence establishes "more than a showing of some form of inadvertence on the part of the driver" or that it rises to the requisite showing of "some degree of consciousness on the part of the defendant that injuries are likely to result from his act or omissions."

*Tolbert*, 903 So.2d at 118.

In short, after careful consideration of all the evidence submitted in support of and opposition to the motion for summary judgment, the court is left with the firm conclusion that the evidence is insufficient to produce in the mind of a trier of fact a determination that Chambers had the requisite degree of conscious culpability necessary to support a finding of wantonness. The court concludes that the defendants' motion for summary judgment on the plaintiffs' wantonness claims is due to be granted.

*B. Smith's Remaining Claims*. The defendants have also moved for summary judgment on Smith's remaining claims based solely on FED.R.CIV.P. 41(b). The defendants argue that because Smith has failed to submit to a deposition and "[d]iscovery requests were served upon him on May 16, 2012," dismissal pursuant to FED.R.CIV.P. 41(b) is now appropriate. The court disagrees.

Under Rule 41(b), "[a] district court is authorized, on defendant's motion, to

>  dismiss an action for failure to prosecute or to obey a court order or federal rule." *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985). "Dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances." *Id.* In reviewing a dismissal under Rule 41(b), we consider "whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Id.* (quotation omitted). Mere negligence or confusion is not sufficient to justify a finding of delay or willful misconduct. *McKelvey v. AT&T Techs., Inc.,* 789 F.2d 1518, 1520-21 (11th Cir. 1986). Dismissal pursuant to Rule 41(b) "upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989).

*Kelly v. Old Dominion Freight Line, Inc.*, 376 Fed. Appx. 909, 913-914 (11th Cir., 2010). *See also Bettis v. Toys "R"' Us - Delaware, Inc.*, 273 Fed. Appx. 814, 818 (11th Cir., 2008); *McIntosh v. Gauthier,* 182 Fed. Appx. 884, 886-887 (11th Cir., 2006).

Smith was added as a plaintiff on February 1, 2012. (Doc. # 15). Although the defendants contend that they served discovery on Smith in May, no motion to compel was filed. In addition, the defendants did not seek to compel Smith's deposition. In response to the defendants' motion for summary judgment, Smith responded to the defendants' interrogatories and production of documents. *See* Doc. # 27, Pls' Submission in Opp. to Summ. J., Exs. 2 & 3. Smith has also submitted to a deposition. (Doc. # 31, Ex. B). A Rule 41(b) dismissal is "a sanction of last resort, applicable only in extreme circumstances." *Goforth,* 766 F.2d at 1535. The defendants have not demonstrated "extreme circumstances," or a "clear record of delay or willful contempt" sufficient to warrant dismissal of Smith's claims. Consequently, at this juncture, dismissal pursuant to FED.R.CIV.P. 41(b) is simply inappropriate. The defendants' motion for summary judgment on this basis will be denied.

## IV.  CONCLUSION

Accordingly, for the reasons as stated it is

ORDERED and ADJUDGED as follows:

1.  That the defendants' motion for summary judgment on the plaintiffs' wantonness claims (doc. # 22) be and is hereby GRANTED and those claims be and are hereby DISMISSED with prejudice.

2.  That the defendants' motion for summary judgment on plaintiff Jonathan Michael Smith's other claims (doc. # 22) be and is hereby DENIED.

Done this 24th day of August, 2012.

                                        /s/Charles S. Coody
                                      CHARLES S. COODY
                                      UNITED STATES MAGISTRATE JUDGE